UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS PETKOVICH, JR.                              CIVIL ACTION
AND JULIE PETKOVICH

                                                  NO. 06-8854
VERSUS

                                                  SECTION B(3)
STATE FARM FIRE & CASUALTY COMPANY, ET AL.

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand (Rec. Doc. No. 6).  After review of the

pleadings and applicable law, and for the reasons that follow,

        **IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED.**

*BACKGROUND*

On or about August 29, 2005, Plaintiffs' property sustained significant wind damage as a

result of Hurricane Katrina.  Plaintiffs' State Farm Fire & Casualty Company ("State Farm")

homeowner's insurance policy was effective on August 29, 2005.

On August 29, 2006, Plaintiffs filed suit against Defendants State Farm, James Allgood

("Allgood"), Marvin McCardle ("McCardle") and Eddie Trascher ("Trascher") in the 25th Judicial

District Court for the Parish of Plaquemines.  Plaintiffs asserted claims of breach of contract and bad

faith against State Farm, *inter alia*.[1]  Plaintiffs further asserted claims against adjusters Allgood,

McCardle and Trascher for allegedly advising Plaintiffs that policy limits would be paid, then

revoking said decision, *inter alia*.[2]  State Farm removed the matter to federal court claiming federal

---

[1]*See* Petition For Breach Of Contract And Damages.

[2]Petition For Breach Of Contract And Damages, ¶ XV.

1

subject matter exists pursuant to diversity of citizenship and/or federal question jurisdiction.

State Farm contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  State Farm argues that Allgood, McCardle and Trascher, the alleged non-diverse insurance adjusters, were fraudulently joined as defendants.  State Farm further contends that federal question jurisdiction exists pursuant to 28 U.S.C. § 1441(e)(1)(B).

Plaintiffs contend the adjusters were properly joined as defendants, therefore, diversity of citizenship is destroyed.  Further, Plaintiffs contend 28 U.S.C. § 1441(e)(1)(B) is not applicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

*DISCUSSION*

**A.      Fraudulent Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

To establish fraudulent joinder a removing party must prove:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

1.      Actual fraud in the pleading of jurisdictional facts.

State Farm contends actual fraud in the pleading of jurisdictional facts relating to Allgood, McCardle and Trascher's citizenship.[3]   Plaintiffs alleged "upon information and belief" that Allgood, McCardle and Trascher are residents of Louisiana.[4]   State Farm questions the veracity of Plaintiffs' allegations.   However, State Farm did not offer evidence of the adjusters' citizenship to overcome the burden of establishing actual fraud in Plaintiffs' pleading of jurisdictional facts.

2.      No cause of action against non-diverse party.

State Farm further contends that the adjusters were fraudulently joined as Plaintiffs failed to establish a cause of action against them.  An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.  A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.*  "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

---

[3]Memorandum In Opposition To Motion To Remand (Rec. Doc. No. 7), pp. 4-5.

[4]Petition For Breach Of Contract And Damages, ¶ 1.

2002).

"Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[5]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).  Courts applying Louisiana law have found that an insured has no cause of action against an insurance adjuster for claim processing and handling.[6]  However, an adjuster may undertake a duty in tort by engaging in misrepresentation or fraud.[7]

Plaintiffs allege that the adjusters misrepresented the cause of property damage and the payment of policy limits.[8]  Plaintiff may prove a set of facts in support of their claims which would entitle them to relief.  Therefore, the Court finds that the adjusters were properly joined as defendants and diversity of citizenship is destroyed.

**B.      Jurisdiction pursuant to 28 U.S.C. § 1441(e)(1)(B).**

State Farm contends jurisdiction exists pursuant to 28 U.S.C. § 1441(e)(1)(B) because State Farm is a Defendant in several cases before this Court arising from Hurricane Katrina that could have been brought under 28 U.S.C. § 1369.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from

---

[5]The Petition was filed in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of the petition.

[6]*Pennison v. State Farm Fire & Casualty*, 2006 WL 3904984, at *2 (E.D. La. December 1, 2006)(Africk, J.)(citations omitted).

[7]*Id.*  See also *Bubrig v. State Farm Fire & Casualty*, 2007 WL 675333 (E.D. La. February 28, 2007)(Duval, J.).

[8]Petition For Breach Of Contract And Damages, ¶ XV.

a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–

(1)  a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

(2)  any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

(3)  substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

[A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident"

requirement.[9]  Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 14th day of May, 2007.

UNITED STATES DISTRICT JUDGE

---

[9] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

6